UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DORIAN SIMPSON, | ) | Case No.: 1:13 CV 1005 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LaROSE, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On May 3, 2013, Petitioner Dorian Simpson ("Simpson" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for aggravated murder, murder, aggravated robbery, and receiving stolen property, all with one-year and three-year firearm specifications. On June 13, 2013, Respondent Christopher LaRose filed a Motion to Dismiss the case as time-barred ("Motion to Dismiss," ECF No. 6). For the following reasons, the court adopts as its own the Magistrate Judge's Report and Recommendation, grants Respondent's Motion, and denies Simpson's Petition.

Simpson raised five grounds for relief in his Petition. First, he claimed the trial court lacked jurisdiction over his case because it could not properly accept Petitioner's waiver of a three-judge panel in a capital case. Second, he claimed that he was denied the effective assistance of counsel when his trial counsel failed to file a motion to dismiss on speedy trial violation grounds. Third, he claimed that his confession should have been suppressed because it was coerced, he was sixteen at the time, and did not have an attorney present. Fourth, he claimed that his conviction was against the manifest weight of the evidence and that no trier of fact could reasonably conclude that the

elements had been proven beyond a reasonable doubt.  Finally, he claimed that the Cuyahoga County Court of Common Pleas was without jurisdiction to prosecute a juvenile as the bind-over proceedings in the juvenile court transferring him to the trial court were flawed.

In his Motion to Dismiss, Respondent argues that Petitioner's Motion is time-barred under 28 U.S.C. § 2244(d)(1) as Petitioner did not file his Motion within the one-year statute of limitations.  Respondent argues that this statute of limitations expired on May 1, 2013, one year and 90 days after the Ohio Supreme Court's dismissal of Petitioner's final appeal on February 1, 2012 (including the 90-day period for Petitioner to file a writ of certiorari to the Supreme Court).

This case was referred to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation.  The Magistrate Judge issued his Report and Recommendation ("R&R") on October 9, 2013, recommending that Respondent's Motion to Dismiss the case as time-barred be granted (ECF No. 8).  Specifically, the Magistrate Judge found that Petitioner's conviction became final on May 1, 2012, 90 days after the Ohio Supreme Court denied Petitioner leave to appeal on February 1, 2012. (R&R at 7-8, ECF No. 8.)  The Magistrate Judge also found that Petitioner had not made any arguments in support of equitable tolling. (*Id.* at 8.)  As Petitioner had filed his Motion on May 3, 2013, the Magistrate Judge recommended that the court grant Respondent's Motion to Dismiss and that the Petition should be denied as time-barred. (*Id.*)

Petitioner timely filed Objections to the R&R on October 23, 2013 (ECF No. 9). Petitioner argues that the Magistrate Judge erred in finding that the statute of limitations for Petitioner's Motion expired on May 1, 2013. (Pl.'s Objections at 2, ECF No. 9.)  Petitioner argues that because February only has 28 days, and because the 90-day period for filing a writ of certiorari should be counted from the day after the last court of appeals' final judgment, the statute of limitations expired

-2-

on May 3, 2013, the day on which Petitioner filed his Petition. (*Id.* at 2-3.)  Respondent has not filed any Objections.

The court does not find Petitioner's argument to be well-taken. The statute of limitations began running after the 90-day period for filing a writ of certiorari to the Supreme Court expired. That 90-day period began running on February 2, 2012, the day after the Ohio Supreme Court dismissed Petitioner's appeal.  In 2012, there were twenty-nine (29) days in February. As such, the 90-day period ended on May 1, 2012.  Therefore, the period for filing a petition for a writ of habeas corpus began running on May 2, 2012.  The statute of limitations expired one year later, on May 2, 2013.  Petitioner filed his Petition for Writ of Habeas Corpus on May 3, 2013.  Though Petitioner filed his Petition only one day late, the fact remains that it was late. *See United States v. Locke*, 471 U.S. 84, 101 (1985) (holding that statute of limitations expiration dates are rigid, as allowing for leeway even for one day would create a "cascade of exceptions that would engulf the rule erected by the filing deadline").  Therefore, after carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Although the Magistrate Judge did not count a reduced number of days for the month of February, the fact remains that Simpson's Petition was filed after the statute of limitations had expired, which does not alter the Magistrate Judge's conclusions.  Therefore, the court grants Respondent's Motion to Dismiss (ECF No. 6).

Consequently, Simpson's Petition is hereby denied, and final judgment is entered in favor of Respondent.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 31, 2013